# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2978-19

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

LEONARD E. LIEBMANN,

 Defendant-Appellant.

_____

Argued March 1, 2022 – Decided March 14, 2022

Before Judges Fisher and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Accusation No. 18-08-0633.

James H. Maynard argued the cause for appellant (Maynard Law Office, LLC, attorneys; James H. Maynard, on the briefs).

Jaimee M. Chasmer, Assistant Prosecutor, argued the cause for respondent (Mark Musella, Bergen County Prosecutor, attorney; Edward F. Ray, Assistant Prosecutor, of counsel and on the brief; Jaimee M. Chasmer, on the brief).

PER CURIAM

By agreement, defendant pleaded guilty to third-degree child endangerment, N.J.S.A. 2C:24-4(b)(5)(B)(iii), based on his possession of hundreds of items of child pornography. In exchange, the State agreed to recommend that defendant be sentenced to probation conditioned on 364 days in county jail, among other things. The State also reserved the right to move for the imposition of parole supervision for life (PSL).

In imposing sentence, the judge considered submissions from Dr. Philip H. Witt, a psychologist defendant privately retained, Dr. H. Judith Gurfein, a therapist defendant had been seeing weekly since his arrest, and Dr. Catherine A. Blandford, a psychologist who examined defendant on behalf of the ADTC. Considering this and other information, the judge found and applied aggravating factors three and nine, and mitigating factors two, seven, ten, and eleven; he also found the mitigating factors preponderated. For the reasons explained at the time, the judge imposed: a 364-day jail sentence; PSL; a requirement that defendant register under Megan's Law; and a restriction on certain internet access.

In appealing, defendant argues:

> I. THE OFFENSE TO WHICH [DEFENDANT PLEADED] GUILTY IS NOT A MEGAN'S LAW REGISTRABLE OFFENSE PURSUANT TO N.J.S.A. 2C:7-2; THEREFORE, THE SENTENCE IMPOSED

A-2978-19

IS ILLEGAL AND [DEFENDANT] SHOULD BE TERMINATED FROM NEW JERSEY'S MEGAN'S LAW AB INITIO (Not Raised Below).

II. THE DISCRETIONARY IMPOSITION OF [PSL] LACKED A SUFFICIENT BASIS IN ADMISSIBLE EVIDENCE AND CONSEQUENTLY WAS AN ABUSE OF DISCRETION.

The State agrees, as do we, that Megan's Law does not apply to defendant's conviction and that a remand is necessary for a correction of the judgment of conviction. We find, however, insufficient merit in defendant's second point to warrant further discussion in a written opinion, R. 2:11-3(e)(2), except to add the following comments.

We start our brief explanation for affirming the imposition of PSL by referring to our standard of review. We recognize that we review a sentence under an abuse of discretion standard and that we limit the scope of review to determining whether: the sentence comports with the sentencing guidelines provided by the Legislature; the sentencing judge's findings on aggravating and mitigating factors are supported by competent, credible evidence in the record; and the sentence is so unreasonable that it shocks the judicial conscience. State v. Lawless, 214 N.J. 594, 606 (2013).

In challenging the imposition of PSL, defendant argues the judge impermissibly relied on the prosecutor's "argument couched as evidence,"

3

ignored the expert opinions of Drs. Witt and Gurfein, and otherwise lacked an adequate factual basis for declining to find the presumption of PSL had been rebutted. The State, however, correctly argues that PSL was mandatory under N.J.S.A. 2C:43-6.4(a), the prosecutor's arguments were fair and grounded by evidence in the record – specifically, defendant's statements to Dr. Witt and to the staff at the ADTC – and the judge was free to accept or reject any aspect of the experts' submissions. We, thus, focus our remaining comments on the statutory requirements for the imposition of PSL.

N.J.S.A. 2C:43-6.4(a) declares that when sentencing a defendant on a conviction for endangering the welfare of a child under N.J.S.A. 2C:24-4(b)(5)(B)(iii), the judge "<u>shall include</u>, upon motion of the prosecutor, a special sentence of parole supervision for life . . ., <u>unless</u> the court finds on the record that the special sentence is <u>not</u> needed to protect the community or deter the defendant from future criminal activity" (emphasis added). So, despite all defendant's contentions about what the experts did or did not say, and what the judge did or did not sufficiently weigh, the judge was required to impose PSL – once the State moved for its imposition, as it did here – unless persuaded that PSL was "not needed to protect the community or deter the defendant from future criminal activity."

A-2978-19

In finding that he could not conclude PSL was not needed to protect the community or deter defendant from future criminal activity, the trial judge mainly relied on his findings about aggravating factor three, N.J.S.A. 2C:44-1(a)(3), that were based on defendant's own words. The judge explained that

> [t]his defendant by his own admission immerses himself in things once he finds them to be interesting. [The assistant prosecutor's] comments in this regard, weigh heavy on me. It's self-serving [for defendant] to say, well, yeah, I got told I can't do it anymore, so now I'm not going to [do] it. He gets an interest in something, and he dives in. And this is something you can do in secret. This is something you can do with no one looking over your shoulder, most people think. I think there's a risk that this defendant could commit another offense. I'm going to give it medium weight.

It is in furtherance of this determination that the judge based his later ruling that PSL should be imposed:

> Parole Supervision for Life, I read the statute. I read it more times than I care to admit. . . . It does say, unless I find on the record that a special sentence is not needed to protect the community or deter the defendant from future criminal activity, that I should sentence him to Parole Supervision for Life. I think there's a risk that he'll re-offend.
>
> How can I square the two, and make that finding? I can't make that finding, I cannot find for the record that Parole Supervision for Life [is] not needed to protect the community or to deter the defendant from future criminal activity.

5

In this determination, the judge was incorporating his earlier finding about aggravating factor three and concluding that the finding required to avoid the imposition of PSL could not be squared with his finding and application of aggravating factor three. In short, the judge was satisfied there was a risk defendant would reoffend and, therefore, a need to protect the community and deter future criminality by this defendant. Whether we interpret the judge's findings as having couched that risk as "medium" – the judge used that word when stating he gave aggravating factor "medium weight" – or something less, it is obvious that the judge was satisfied from the information received that there was a risk of reoffense of sufficient magnitude to support his finding that it could not be said that PSL was not needed.

We also reject defendant's argument that the judge erroneously based his findings on the prosecutor's arguments. While the prosecutor made arguments in favor of the application of the aggravating factors and the judge reached the same conclusion by referring to the prosecutor's comments is not the same – as defendant would have us hold – as saying that the judge based his fact-finding on counsel's arguments or conclusions. The prosecutor's argument, like the judge's findings, were based on the expert opinions found worthy of consideration and, again, on defendant's own statements to those experts.

Accordingly, we find no merit in the argument that the judge did not properly describe his view of the evidential materials or relied on inadequate or non-evidential information.

Affirmed, except that we remand to the trial court for the limited purpose of correcting the judgment of conviction to remove the Megan's Law requirements imposed. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2978-19